### Illinois Central Railroad Co. v. Dike Andrews.

1. VARIANCE—*Pleading and Proofs.*—A plaintiff can not declare upon one cause of action, and establish another by his proofs.

2. MASTER AND SERVANT—*Test of the Master's Responsibility.*—The test of the master's responsibility for the act of his servant is whether such act was done in the prosecution of the business which the servant was employed by the master to do.

**Trespass on the Case,** to recover damages sustained by being shot by an employe. Trial in the Circuit Court of Kankakee County; the Hon. JOHN SMALL, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed September 26, 1898.

#### STATEMENT.

Dike Andrews brought this action against the Illinois Central Railroad Company, to recover damages which he

sustained from being shot by Timothy Cronin, an employe
of said company. The declaration contained five counts.
The first charged that Cronin, a servant in the employ of
defendant, while performing the work of defendant and in
the due course of said Cronin's employment by defendant,
negligently discharged a revolver toward plaintiff and
wounded him. The second charged that Cronin shot plaint-
iff while Cronin, a servant in the employ of defendant, was
performing the duties incident to his said employment and
engaged in the work for which he was employed. The third
charged that Cronin, a servant of defendant acting in the
course of his employment by defendant and acting for
defendant as its agent, servant and employe, shot plaintiff.
The fourth charged that the defendant, through Cronin,
then and there the agent, servant and employe of defendant,
and acting under its control and supervision, shot plaintiff.
The fifth charged that defendant, by unknown servants in
its service and under its control and acting in the course of
their employment and as defendant's representatives, shot
plaintiff. Each count but the fifth charged that plaintiff
was lawfully on the right of way of defendant when he was
shot. Defendant pleaded not guilty, and filed two special
pleas to the effect that plaintiff first assaulted Cronin, and
that what Cronin did was in necessary self-defense. There
was a trial and a verdict for plaintiff for $1,000. A motion
by defendant for a new trial was overruled and judgment
rendered on the verdict. Defendant seeks a reversal of the
judgment.

The proof shows that in the early morning of March 30,
1897, plaintiff and three companions arrived in Kankakee
from Indianapolis, on the railroad called by the witnesses
" The Big Four," having rode upon said train " between the
storm doors," without paying their fare. At Kankakee
depot they got off and walked ahead of the train. When it
started they got upon one end of the baggage car and rode
till the train stopped at the Illinois Central tracks. A
trainman then put them off, and they passed around to the
other side, intending to get on again as the train started

and continue their ride without paying their fares. They had no money with which they could pay fares.

Shortly north of the point where this train reached the Illinois Central tracks, were the junction yards of the latter road. Cronin was night watchman in those yards. It was his duty to take a record of the seals of all freight cars coming into these yards during the night, from the Illinois Central, the Kankakee and Seneca, the "Three I" and "The Big Four" railroads; card all freight cars received in said yards from connecting lines, keep all suspicious characters out of the yards, and keep the yards clear of all people who had no business there. There was a conflict of evidence as to whether the junction yards and Cronin's jurisdiction extended so far south as the place where "The Big Four" train stood and the shooting occurred. It was about 5:30 A. M., and Cronin had his dinner basket in his hand, as if he had ceased his night's work and was going home. When Cronin saw these men attempting or preparing to get on this "Big Four" train again as it started, he got into an altercation with them. According to evidence produced by plaintiff, Cronin assaulted them and shot plaintiff without any of them having made any resistance or used any violence. According to evidence produced by defendant, Cronin pulled one of the men off the train after he jumped on, and they (including plaintiff) struck Cronin several times in the face and back, and kicked him in the back, and plaintiff was in the act of picking up a stone, with which to hit Cronin, when the latter drew his revolver from his pocket and fired, hitting plaintiff.

WILLIAM R. HUNTER, attorney for appellant.

A master is not liable for willful trespasses of servant, unless committed in furtherance of master's business. Tuller v. Voght, 13 Ill. 285.

If he acts from motives of malice or wantonness the principal would not be liable. That would be an abandonment of the agency. Johnson v. Barber, 5 Gilm. 425.

The mere fact that a tortious act is committed by a

servant while he is actually engaged in the performance of the service he has been engaged to render, can not make the master liable. Something more is needed. It must pertain to the particular duties of that employment. Keith v. Lynch, 19 Ill. App. 574; 2 Rorer on Railroads, Sec. 1191.

Even if the servant is engaged in the performance of his duty to his master, yet if he personally, and wholly for a purpose of his own, steps aside and does an act not connected with the business of such master and not intended by him to further the objects of his employment, the master is not liable for any injury thereby occasioned. C., B. & Q. v. Epperson, 26 Ill. App. 72.

To make the master liable, the act must be within the scope of the servant's employment. To hold the master liable for a trespass committed by his servant three conditions must concur: (1.) The act must be within the scope of his employment. (2.) It must be in good faith. (3.) It must be in furtherance of the employer's business. The act might be in the line of his employment and while he was employed, but not in the furtherance of the object for which he was employed. Arasmith v. Temple, 11 Ill. App. 39; Chicago Street Railway Co. v. Mogk, 44 Ill. App. 17.

The master will be responsible, where the servant acts within the general scope of his employment, for acts done while engaged in the master's business with a view to the furtherance of that business. North Chicago Street Railway v. Gastka, 128 Ill. 613; C., M. & St. P. Ry. Co. v. West, 125 Ill. 321.

Where the wrong acts consist in the manner of discharging a rightful duty the master is liable, but he is not liable for a wrong committed apart from and unconnected with any services or duties of the servant. 2 Rorer on Railroads, Sec. 1192.

Where the assault is made in such a way as to induce in the defendant a well grounded and reasonable belief that he is in actual danger of losing his life or suffering great bodily harm, he would be justified in defending himself, although the danger was not real, but only apparent.

Steinmeyer v. People, 95 Ill. 383; Campbell v. People, 16 Ill. 17.

The law of self-defense justifies an act done in the honest and reasonable belief of great danger. It is sufficient if the danger which the defendant seeks to avert is apparently imminent, and the same rule of immunity extends to civil as to criminal cases; and if the party who actually causes the injury is free from civil and criminal liability therefor, his employer is also entitled to like immunity. New Orleans & N. Ry. Co. v. Jope, 142 U. S. 18.

If the act done by the servant be within the scope of his employment and done in good faith to further the objects of his employment, the master would be liable, even though the servant employed means contrary to the express orders of the master. But in all cases the act must be done in good faith in furtherance of the object for which he was employed. Philadelphia & Reading R. R. Co. v. Derby, 14 Howard, 468.

Where a willful and felonious assault is made upon a passenger by a servant of the company not in charge of the car conveying such person, no recovery can be had of the company. Evansville R. R. Co. v. Baum, 26 Ind. 70; Pa. Co. v. Toomey, 91 Pa. St. 256.

If a conductor or brakeman in the employ of a railroad company willfully and maliciously assault a stranger—a person to whom the railroad company owes no obligation whatever—a master in such case would not be liable for the act of the servant. C. & E. I. R. R. Co. v. Flexman, 103 Ill. 546.

Where a servant is directed to drive cattle out of the field and he drives them elsewhere than simply out of the field, and one of them dies, the master is not liable. Where the master gives general directions to his servant, trusting to the discretion of the latter, he may become liable for his action; but when the directions are specific and the servant transcends the directions, the master does not become liable. Oxford v. Peter, 28 Ill. 434.

The tortious act must be actually within the scope of the servant's employment, and done in good faith in the interest

and for the benefit of the master.   Illinois Central R. R. Co. v. Ross, 31 Ill. App. 170.

PADDOCK & COOPER and O. V. ROYAL, attorneys for appellee.

The " scope of employment " as used by authorities does not mean within certain territorial limits but means the general purpose of the employment, and the general purpose of Cronin's employment was to remove the trespassers from the appellant's property, and if in pursuance of that purpose he used unnecessary force and violence, appellant was liable, even though such act of servant was willful and malicious.   Chicago C. R. Co. v. McMahon, 103 Ill. 485; I. C. R. R. v. Read, 37 Ill. 485; St. L., A. & C. v. Dalby, 19 Ill. 353; C., B. & Q. v. Parks, 18 Ill. 460.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Under the pleadings it was essential plaintiff should prove not only that Cronin was a servant of defendant, but also that he was acting in the line of his duty to defendant and within the scope of his employment by defendant.   C., R. I. & P. Ry. Co. v. Brackman, — Ill. App. — opinion filed this day.

We find no evidence in this record to establish this necessary part of plaintiff's case.   Cronin was not attempting to prevent plaintiff and his companions from getting on a train of the Illinois Central Railroad Company.   He was assisting the trainmen of the " Big Four " railroad in keeping the men from stealing a ride on a " Big Four " passenger train.   There is no proof to show why said train was on or at the Illinois Central tracks, nor that the Illinois Central Railroad Company had any duty to perform with reference to said passenger train.   If the Illinois Central Railroad Company had no duty to perform concerning said " Big Four " train Cronin could not have been acting in the course of his employment by the Illinois Central Railroad Company in what he did.   So far as this record shows Cronin

was voluntarily assisting the trainmen of another railroad, and not performing any duty he owed his own company or which his own company owed the "Big Four" company. In this necessary particular, therefore, the proof does not support the declaration, and it does not show that the Illinois Central Railroad Company is responsible for what Cronin did.

The judgment must therefore be reversed and the cause remanded for a new trial.